IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00249-RBJ

THE ESTATE OF KYLE CHRISTOPHER YOEMANS,
By and through its putative personal representative Aimee Ishmael,
AIMEE ISHMAEL, individually,

      Plaintiffs,

v.

WELLPATH, LLC, F/K/A CORRECT CARE SOLUTIONS, LLC,
JANICE MARSHALL, in her individual capacity,
CHRISTOPHER CAMPBELL, in his individual capacity,
GARY BROWN, in his individual capacity,
DANIEL GILBERT, in his individual capacity,
ROSS YNIGUEZ, in his individual capacity,
JOSEPH FISCHER, in his individual capacity,
MICHAEL MCINTOSH, in his individual capacity,
RICHARD REIGENBORN, in his official capacity as Sheriff of Adams County,
BOARD OF COUNTY COMMISSIONERS OF COUNTY OF ADAMS, COLORADO,

      Defendants.

---

**DEFENDANTS WELLPATH, LLC AND JANICE MARSHALL'S ANSWER
TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

---

Defendants Wellpath, LLC, f/k/a Correct Care Solutions, LLC ("Wellpath") and Janice Marshall ("Nurse Marshall") (collective, "Wellpath Defendants"), by and through counsel, Christina S. Gunn, Esq., and Tanya A. Sevy, Esq., of Hall & Evans, L.L.C., submit this Answer to Plaintiffs' Second Amended Complaint and Jury Demand (the "Complaint").

## I.      INTRODUCTION

1.      In answer to Paragraph 1 of the Complaint, Wellpath Defendants admit Kyle Yoemans died as a pretrial detainee at Adams County Detention Facility ("ACDF") on or about

February 8, 2017.  Wellpath Defendants deny knowledge Che Bachicha presented an extreme danger to Mr. Yoemans or others and further deny they are responsible for Mr. Bachicha's housing assignment at ACDF.  Wellpath Defendants further deny Mr. Yoemans' death was easily preventable by them and further deny they are liable to Plaintiff for Mr. Yoemans' death under any theory of recovery.  Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, deny them.

2.      Wellpath Defendants deny the allegations contained in Paragraph 2 of the Complaint as those allegations pertain to them.

3.      In answer to Paragraph 3 of the Complaint, Wellpath Defendants admit upon information and belief that Mr. Bachicha was detained after attempting to kill his step-father. Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegation contained in Paragraph 3 of the Complaint and, therefore, deny them and specifically deny knowledge of such allegations at any point in time prior to Kyle Yoemans' death.

4.      Wellpath Defendants deny the allegations contained in Paragraph 4 of the Complaint as those allegations pertain to them.

5.       Wellpath Defendants deny the allegations contained in Paragraph 5 of the Complaint as those allegations pertain to them.

6.      The allegations contained in Paragraph 6 of the Complaint merely state legal conclusions for which no answer is required.  To the extent and answer is required, Wellpath Defendants deny they are liable to Plaintiff.  Wellpath Defendants specifically deny they deprived Mr. Yoemans his rights under the United State Constitution and further deny Plaintiff has stated a

2

viable claim against the Wellpath Defendants or is entitled to recovery against the Wellpath Defendants under any theory of liability.

7.      The allegations contained in Paragraph 7 of the Complaint merely state legal conclusions for which no answer is required.  To the extent and answer is required, Wellpath Defendants deny they are liable to Plaintiff for wrongful death and specifically deny they were negligent or acted with recklessness.  Answering further, Wellpath Defendants aver they conducted a reasonable and appropriate medical screening of Mr. Bachicha and made the proper recommendations, including a referral of Mr. Bachicha for a mental health evaluation.  Wellpath Defendants further deny they have any role or responsibility in how inmates such as Mr. Bachicha are housed in ACDF.

## II.      JURISDICTION AND VENUE

8.      In answer to Paragraph 8 of the Complaint, Wellpath Defendants admit Plaintiff attempts claims against all Defendants under the Constitution and law of the United States and the State of Colorado, including pursuant to 42 U.S.C. § 1983 and the Colorado Wrongful Death Act; however, Wellpath Defendants deny Plaintiff states any cognizable claims against them.  To the extent any further answer is required to the allegations contained in Paragraph 8 of the Complaint, Wellpath Defendants deny them.

9.      Wellpath Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.      Wellpath Defendants admit this Court has supplemental jurisdiction over the state claims alleged in the Complaint, but deny they deprived Mr. Yoemans his rights under the United State Constitution and further deny Plaintiff has stated a viable claim against the Wellpath Defendants or is entitled to recovery against the Wellpath Defendants under any theory of liability.

3

11.     In answer to Paragraph 11 of the Complaint, Wellpath Defendants admit this Court has jurisdiction over Plaintiffs' claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988, but deny Plaintiff is entitled to them.

12.     Wellpath Defendants deny the allegations contained in Paragraph 12 of the Complaint, but admit this Court has personal jurisdiction over them.

13.     In answer to Paragraph 13 of the Complaint, Defendants admit venue is proper. Wellpath Defendants admit Nurse Marshall is a resident of the State of Colorado; however, they deny Wellpath is, or ever has been, a resident of the State of Colorado.  Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of the Complaint concerning the other individual defendants named in this action and, therefore, deny them.

### III.     PARTIES

14.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, deny them.

15.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, therefore, deny them.

16.     Defendant Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and, therefore, denies them. Defendant Wellpath admits it is an L.L.C., and admits it is formerly known as Correct Care Solutions, L.L.C.  Defendant Wellpath denies it is a corporation or that Correct Care Solutions

4

was a corporation. Defendant Wellpath admits that Correct Care Solutions, L.L.C. employed Defendant Marshall and provided certain services in the Adams County Detention Facility pursuant to the terms of its contract. Defendant Wellpath admits its principal street address is 1283 Murfreesboro Road, Suite 500, Nashville, TN, 37217. Defendant Wellpath admits its registered agent of service in Colorado is located at 155 E. Boardwalk #490, Fort Collins, CO 80525. Defendant Wellpath denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     In answer to Paragraph 17 of the Complaint, Wellpath Defendants admit Nurse Marshall is a citizen of the United States, a resident of Colorado, and is employed by Wellpath. Wellpath Defendants deny all other allegations contained in Paragraph 17 of the Complaint.

18.     Defendants Wellpath and Marshall admit Plaintiff refers to them throughout the Complaint as "Wellpath Defendants." Defendants Wellpath and Marshall deny it is appropriate for Plaintiff to do so, and further denies it is appropriate for Plaintiff to make collective allegations in the Complaint. Defendants Wellpath and Marshall deny the remaining allegations in Paragraph 18.

19.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and, therefore, deny them.

20.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and, therefore, deny them.

3775564.1

21.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and, therefore, deny them.

22.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and, therefore, deny them.

23.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and, therefore, deny them.

24.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and, therefore, deny them.

25.     In answer to Paragraph 25 of the Complaint, Wellpath Defendants admit Defendant Richard Reigenborn is the current Sheriff for Adams County, Colorado.  Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, deny them.

26.     In answer to Paragraph 26 of the Complaint, Wellpath Defendants admit Adams County contracted with CCS in 2016 to provide services at the Adams County Detention Facility. Wellpath Defendants aver the contract speaks for itself and deny all allegations inconsistent therewith. Wellpath Defendants specifically deny CCS contracted to provide mental health services or to screen for housing placement. The remaining allegations contained in Paragraph 26 of the Complaint are not directed at Wellpath Defendants and, therefore, do not require an answer from them. To the extent a

6

response is required to the remaining allegations contained in Paragraph 26 of the Complaint, Wellpath Defendants deny them.

27.     Paragraph 27 of the Complaint requires no response; however, Wellpath Defendants admit Sheriff Reigenborn and the Board of County Commissioners will be referred to collectively herein as "Adams County Defendants" and/or "Adams County."

## IV.     FACTUAL ALLEGATIONS

### Background

28.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint and, therefore, deny them.

29.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint and, therefore, deny them.

30.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint and, therefore, deny them.

31.     The allegations contained in Paragraph 31 of the Complaint merely state legal conclusions for which no response is required. To the extent a response is required, Wellpath Defendants deny the allegations in Paragraph 31 and specifically deny they deprived Mr. Yoemans his rights under the United State Constitution and further deny Plaintiff has stated a viable claim against the Wellpath Defendants or is entitled to recovery against the Wellpath Defendants under any theory of liability.

7

32.     Wellpath Defendants deny the allegations contained in Paragraph 32 of the Complaint as they pertain to them.

**Warnings and Requests for Separate Mental Health Placement by Bachicha's Family**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 32 and 33 of the Complaint.

33.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and, therefore, denies them. Defendant Wellpath admits upon information and belief that Mr. Bachicha was detained after attempting to kill his step-father on or about January 22, 2017. Defendant Wellpath, however, lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations concerning how Mr. Bachicha attempted murder or what state he was in.  Defendant Wellpath denies all other allegations contained in Paragraph 33 of the Complaint as they pertain to it.

34.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and, therefore, deny them.

35.     In answer to Paragraph 35 of the Complaint, Wellpath Defendants deny ever being provided the information alleged therein and deny those allegations as they pertain to them. Answering further, Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations as they pertain to the other defendants and, therefore, deny them.

36.     In answer to Paragraph 36 of the Complaint, Wellpath Defendants deny ever being provided the information alleged therein and deny those allegations as they pertain to them.

Answering further, Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations as they pertain to the other defendants and, therefore, deny them.

### Defendant Marshall's Deliberate Indifference, Recklessness, and Negligence

Wellpath Defendants deny the allegations contained in the statement between Paragraph 36 and 37 of the Complaint.

37.    In answer to Paragraph 37 of the Complaint, Wellpath Defendants admit only that Nurse Marshall conducted a Receiving Screening for Mr. Bachicha on January 22, 2017. Nurse Marshall referred Mr. Bachicha to mental health, which was a service provided by any entity separate from Wellpath. Wellpath Defendants deny all other allegations contained in Paragraph 37 of the Complaint.

38.    Wellpath Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Wellpath Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Wellpath Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint merely stated legal conclusions for which no answer is required.  To the extent and answer is required, Wellpath Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    In answer to Paragraph 42 of the Complaint, Wellpath Defendants aver the Receiving Screening form completed by Nurse Marshall for Mr. Bachicha on January 22, 2017 speaks for itself

and deny all allegations inconsistent therewith.  Wellpath Defendants further deny all remaining allegations contained in Paragraph 42 of the Complaint.

43.     In answer to Paragraph 43 of the Complaint, Wellpath Defendants aver the Receiving Screening form completed by Nurse Marshall for Mr. Bachicha on January 22, 2017 speaks for itself and deny all allegations inconsistent therewith.  Wellpath Defendants further deny all remaining allegations contained in Paragraph 43 of the Complaint.

44.     Wellpath Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Wellpath Defendants deny the allegations contained in Paragraph 44 of the Complaint.

46.     Wellpath Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**Deliberate Indifference and Negligence of Other Wellpath Employees and Agents**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 46 and 47 of the Complaint.

47.     Wellpath Defendants deny the allegations contained in Paragraph 47 of the Complaint, and specifically deny Andrea Brandt has ever acted as an agent of Wellpath.

48.     Wellpath Defendants admit Kyleen Henderson and James Froncek were employees of CCS between January 22 and February 8, 2017.  Wellpath Defendants aver the Medical History and Physical Assessment with Mental Health form completed by Ms. Henderson for Mr. Bachicha on February 7, 2017 and signed by Mr. Froncek on February 11, 2017 speaks for itself and deny all

10

allegations inconsistent therewith.  Wellpath Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Wellpath Defendants aver the medical records from CCS and the mental health records from Community Reach Center pertaining to Mr. Bachicha speak for themselves, and deny any allegation inconsistent therewith.  Wellpath Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint, and specifically deny Susan Ponder has ever acted as an agent of Wellpath.

### Defendant Campbell's Deliberate Indifference

Wellpath Defendants deny the allegations contained in the statement between Paragraph 49 and 50 of the Complaint.

50.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint and, therefore, deny them.

51.     In answer to Paragraph 51 of the Complaint, Wellpath Defendants deny they had any role in "approving" Mr. Bachicha for "general population."  Answering further, Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Complaint and, therefore, deny them.

52.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint and, therefore, deny them.

53.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint and, therefore, deny them.

54.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and, therefore, deny them.

55.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Complaint and its subparagraphs and, therefore, deny them.

56.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Complaint and, therefore, deny them.

57.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of the Complaint and, therefore, deny them.

58.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint and, therefore, deny them.

59.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint and, therefore, deny them.

60.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint and, therefore, deny them.

61.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and, therefore, deny them.

62.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint and, therefore, deny them.

## Mr. Bachicha's Cries for Help Ignored

Wellpath Defendants deny the allegations contained in the statement between Paragraph 62 and 63 of the Complaint.

63.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint and, therefore, deny them.

64.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 64 of the Complaint and, therefore, deny them.

65.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint and, therefore, deny them.

66.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint and, therefore, deny them.

67.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint and, therefore, deny them.

68.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint and, therefore, deny them.

69.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint and, therefore, deny them.

70.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint and, therefore, deny them.

71.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Complaint and, therefore, deny them.

72.   Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint and, therefore, deny them.

73.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Complaint and, therefore, deny them.

### Kyle Yoemans' Physical Disabilities and Cognitive Impairments

Wellpath Defendants deny the allegations contained in the statement between Paragraph 73 and 74 of the Complaint.

74.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 74 of the Complaint and, therefore, denies them. Defendant Wellpath admits Mr. Yoemans was involved in a motor vehicle accident in June 2016 wherein he sustained numerous injuries. Wellpath lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 74 of the Complaint and, therefore, deny them.

75.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 75 of the Complaint and, therefore, denies them. Defendant Wellpath states Mr. Yoemans' medical chart speaks for itself and denies any allegation contained in Paragraph 75 inconsistent therewith.  Wellpath denies the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Complaint and, therefore, deny them.

77.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of the Complaint and, therefore, deny them.

78.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint and, therefore, deny them.

79.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of the Complaint and, therefore, deny them.

80.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint and, therefore, deny them.

81.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of the Complaint and, therefore, deny them.

82.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint and, therefore, deny them.

83.     Wellpath Defendants deny the allegations contained in Paragraph 83 of the Complaint they pertain to them.

**Failure to Intervene in the Loud and Lingering Murder of Kyle Yoemans**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 83 and 84 of the Complaint.

84.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Complaint and, therefore, deny them.

85.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Complaint and, therefore, deny them.

86.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Complaint and, therefore, deny them.

87.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Complaint and, therefore, deny them.

88.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Complaint and, therefore, deny them.

89.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Complaint and, therefore, deny them.

3775564.1

90.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Complaint and, therefore, deny them.

91.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Complaint and, therefore, deny them.

92.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Complaint and, therefore, deny them.

93.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Complaint and, therefore, deny them.

94.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Complaint and, therefore, deny them.

95.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of the Complaint and, therefore, denies them. Defendant Wellpath admits, upon information and belief, that Che Bachicha was charged, tried, and convicted of the murder of Kyle Yoemans. Defendant Wellpath lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 95 of the Complaint and, therefore, denies them.

**Supervision Defendants' Failure to Supervise and Monitor**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 95 and 96 of the Complaint.

96.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Complaint and, therefore, deny them.

97.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 97 of the Complaint and, therefore, deny them.

98.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of the Complaint and, therefore, deny them.

99.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 99 of the Complaint and, therefore, deny them.

100.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 100 of the Complaint and, therefore, deny them.

101.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 of the Complaint and, therefore, deny them.

102.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of the Complaint and, therefore, deny them.

103.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of the Complaint and, therefore, deny them.

104.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 104 of the Complaint and, therefore, deny them.

105.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of the Complaint and, therefore, deny them.

106.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 of the Complaint and, therefore, deny them.

107.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 107 of the Complaint and, therefore, deny them.

108.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 108 of the Complaint and, therefore, deny them.

109.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 109 of the Complaint and, therefore, deny them.

**Defendant Wellpath's Long History of Knowing Failure to Protect**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 109 and 110 of the Complaint.

110.     Defendant Wellpath admits that it has been named as a defendant in lawsuits in recent years concerning alleged medical deliberate indifference; however, Wellpath denies all other allegations contained in Paragraph 110 of the Complaint as they pertain to Wellpath.  Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 110 of the Complaint and, therefore, denies them.

111.     Nurse Marshall denies she deprived Mr. Yoemans his rights under the United State Constitution and further denies Plaintiff has stated a viable claim against her or is entitled to recovery against her under any theory of liability. She lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 111 of the Complaint and, therefore, denies them.

In answer to Paragraph 111 of the Complaint, Wellpath denies any non-employee acted as its "agent" or that Wellpath is in any way liable for the acts of any non-employee as alleged in the Second Amended Complaint, and further denies that any of its employees deprived Mr. Yoemans his rights under the United State Constitution and further denies Plaintiff has stated a viable claim against Wellpath or is entitled to recovery against it under any theory of liability.  Wellpath denies the

allegation that any of its employees "avoided sending Mr. Bachicha to the medical unit" or "consistently fail to transfer inmates to medical units or hospitals, leading to major injury and deaths." Wellpath further states as follows:

      a.      The court file and underlying documents related to *Miranda v. City of Lake*, 900 F.3d 335 (7th Cir. 2018) in their entirety speak for themselves. Wellpath denies all allegations in Paragraph 104(a) of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Miranda* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(a) of the Complaint. Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

      b.      The court file and underlying documents related to *Estate of Lovern c. CCS, et al.*, Case No. 18-cv-2573 (D. Colo) in their entirety speak for themselves. Wellpath denies all allegations in Paragraph 104(b) of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Lovern* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(b) of the Complaint. Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

c.      Wellpath denies the allegations and conclusions concerning the death of Rashod McNulty.  Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

d.      Wellpath denies the allegations concerning the death of Donna Pillard. Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

e.      The court file and underlying documents related to *McGill v. Correctional Healthcare Companies, Inc., et al.*, Case No. 1:13-cv-1080-RBJ-BNB (D. Colo) in their entirety speak for themselves.  Wellpath denies all allegations in Paragraph 104(e) of the Complaint inconsistent therewith.   Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.  Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *McGill* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(a) of the Complaint.  Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

f.      Wellpath lacks knowledge or information sufficient to admit or deny the allegations concerning the purported death of John Walter and, therefore, denies those allegations.  Wellpath affirmatively denies any applicability or relevance of any such death, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.

g.      The court file and underlying documents related to *Revilla v. Stanley Glanz, et al.*, Case No. 4:13-cv-315-JED-TLW (N.D. Okla.) in their entirety speak for themselves. Wellpath denies all allegations in Paragraph 104(g) of the Complaint inconsistent

therewith.   Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.   Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Revilla* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(g) of the Complaint.   Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

h.       Wellpath denies the allegations and conclusions concerning the death of Jennifer Lobato.   Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

i.       Wellpath denies the allegations and conclusions concerning the death of Matthew McCain.   Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

j.       The court file and underlying documents related to *Estate of Bruce R. Howard, et al. v. County of El Paso, Colorado, et al.*, Case No. 1:10-cv-02740-CMA-MEH (D. Colo) in their entirety speak for themselves.   Wellpath denies all allegations in Paragraph 104(j) of the Complaint inconsistent therewith.   Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.   Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Howard* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(j) of the Complaint.   Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

k.      The court file and underlying documents related to *Moritz v. Correctional Healthcare Companies, Inc., et al.*, Case No. 4:14-cv-00656-GFK-PJC (N.D. Okla.) in their entirety speak for themselves.  Wellpath denies all allegations in Paragraph 104(k) of the Complaint inconsistent therewith.  Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.  Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Moritz* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(k) of the Complaint.  Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

l.      The court file and underlying documents related to *Guerrero v. Wichita County, Texas, et al.*, Case No. 7:14-cv-0058-O (N.D. Tex.) in their entirety speak for themselves.  Wellpath denies all allegations in Paragraph 104(l) of the Complaint inconsistent therewith.  Wellpath affirmatively denies any applicability or relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.  Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Guerrero* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(l) of the Complaint.  Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

m.      The court file and underlying documents related to *Turley v. Correctional Healthcare Management, Inc., et al.*, Case No. 1:10-cv-02772-REB-BNB (D. Colo) in their entirety speak for themselves.  Wellpath denies all allegations in Paragraph 104(m) of the Complaint inconsistent therewith.  Wellpath affirmatively denies any applicability or

25

relevance of any such litigation, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Wellpath incorporates by reference pursuant to Fed. R. Civ. P. 10(c) all filings by defendants in the *Turley* matter as if they were set forth in their entirety in response to the allegations in Paragraph 104(m) of the Complaint. Wellpath denies all remaining allegations contained in Paragraph 104 of the Complaint.

n.      Wellpath denies the allegations and conclusions concerning the alleged deaths in Pierce County, Washington. Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

o.      Wellpath denies the allegations and conclusions concerning the death of Christina Boshers. Wellpath affirmatively denies any applicability or relevance of any such allegations to any of Plaintiffs' claims in this litigation.

112.    Wellpath Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Wellpath Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 114 of the Complaint and, therefore, denies them. Wellpath states that any 2007 National Commission on Correctional Health Care ("NCCHC") report regarding the Tulsa jail identified in paragraph 114, in its entirety, speaks for itself. Wellpath denies all allegations in paragraph 114 of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such NCCHC audit, report or statement, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation.

Moreover, the allegations of paragraph 114 do not identify any direct allegation toward any party to this matter, and thus are irrelevant. Wellpath denies all remaining allegations contained in paragraph 114 of the Complaint.

115.    Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 115 of the Complaint and, therefore, denies them. Wellpath states that any Department of Justice ("DOJ") finding or report regarding the Tulsa jail identified in paragraph 115, in its entirety, speaks for itself.  Wellpath denies all allegations in paragraph 115 of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such DOJ finding, report or statement, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Moreover, the allegations of paragraph 115 do not identify any direct allegation toward any party to this matter, and thus are irrelevant. Wellpath denies all remaining allegations contained in paragraph 115 of the Complaint.

116.    Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 116 of the Complaint and, therefore, denies them.  Wellpath states that any report or investigation by the Oklahoma Department of Health in 2009, in its entirety, speaks for itself.  Wellpath denies all allegations in paragraph 116 of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such report or statement by the Oklahoma Department of Health, NCCHC, DOJ or any other entity, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Moreover, the allegations of paragraph 116 do not identify any direct allegation toward any party to this matter, and thus are irrelevant. Wellpath denies all remaining allegations contained in paragraph 116 of the Complaint.

117.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 117 of the Complaint and, therefore, denies them.  Wellpath states that the 2010 NCCCS audit report identified in paragraph 117, in its entirety, speaks for itself.  Wellpath denies all allegations in paragraph 117 of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any such audit report or statement, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Moreover, Wellpath denies that such report, findings, allegations, or claims made therein apply to any of Plaintiffs' claims in this litigation. Wellpath denies all remaining allegations contained in paragraph 117 of the Complaint.

118.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 118 of the Complaint and, therefore, denies them.  Wellpath states that any 2011 audit report regarding the Tulsa jail identified in paragraph 118, in its entirety, speaks for itself.  Wellpath denies all allegations in paragraph 118 of the Complaint inconsistent therewith. Wellpath affirmatively denies any applicability or relevance of any audit report or statement of the Tulsa jail, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Wellpath denies all remaining allegations contained in paragraph 118 of the Complaint.

119.     Nurse Marshall lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 119 of the Complaint and, therefore, denies them.  Wellpath states that the 2011 report or review of the U.S. Immigration and Customs Enforcement and the U.S. Department of Homeland Security's office of Civil Rights and Civil Liberties ("CRCL") identified in paragraph 119, in its entirety, speaks for itself. Wellpath deny all

allegations in paragraph 119 of the Complaint inconsistent therewith. Defendants affirmatively denies any applicability or relevance of any such CRCL report, review or statement, or any allegation or claim made therein, to any of Plaintiffs' claims in this litigation. Moreover, to the extent the allegations of paragraph 119 are directed toward entities that are not parties to this matter, they are irrelevant. Wellpath denies all remaining allegations contained in paragraph 119 of the Complaint.

120.    Wellpath Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    Wellpath Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Wellpath Defendants deny the allegations contained in Paragraph 122 of the Complaint as those allegations pertain to them.

123.    Wellpath Defendants deny the allegations contained in Paragraph 123 of the Complaint as those allegations pertain to them.

124.    Wellpath Defendants deny the allegations contained in Paragraph 124 of the Complaint as those allegations pertain to them.

### Matrix Report Revealing Defendants' Knew the Jail was Unsafe and Understaffed

Wellpath Defendants deny the allegations contained in the statement between Paragraph 124 and 125 of the Complaint.

125.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 125 of the Complaint and, therefore, deny them.

126.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 126 of the Complaint and its subparagraphs and, therefore, deny them.

127.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 137 of the Complaint and, therefore, deny them.

128.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 128 of the Complaint and, therefore, deny them.

129.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 129 of the Complaint and, therefore, deny them.

130.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 130 of the Complaint and, therefore, deny them.

131.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of the Complaint and, therefore, deny them.

132.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 132 of the Complaint and, therefore, deny them.

133.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 133 of the Complaint and, therefore, deny them.

134.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of the Complaint and, therefore, deny them.

135.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 135 of the Complaint and, therefore, deny them.

136.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 136 of the Complaint and, therefore, deny them.

137.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 137 of the Complaint and, therefore, deny them.

**<u>Pattern and Practice of Deliberate Indifference to Violence and Deaths</u>**

Wellpath Defendants deny the allegations contained in the statement between Paragraph 137 and 18 of the Complaint.

138.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 138 of the Complaint and, therefore, deny them.

31

139.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 139 of the Complaint and, therefore, deny them.

140.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 140 of the Complaint and, therefore, deny them.

### The County Defendants Knowingly Failed to Stop-Gap

Wellpath Defendants deny the allegations contained in the statement between Paragraph 140 and 141 of the Complaint.

141.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 141 of the Complaint and, therefore, deny them.

142.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 142 of the Complaint and, therefore, deny them.

143.    Wellpath Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 144 of the Complaint and, therefore, deny them.

145.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 145 of the Complaint and, therefore, deny them.

146.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 146 of the Complaint and, therefore, deny them.

147.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 147 of the Complaint and, therefore, deny them.

148.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 148 of the Complaint and, therefore, deny them.

149.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 149 of the Complaint and, therefore, deny them.

150.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 150 of the Complaint and, therefore, deny them.

151.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 151 of the Complaint and, therefore, deny them.

152.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 152 of the Complaint and, therefore, deny them.

153.    Wellpath Defendants deny the allegations contained in Paragraph 153 to the extent they are directed at these Defendants.

### The County Defendants' Policies, Customs, Procedures and Training

Wellpath Defendants deny the allegations contained in the statement between Paragraph 153 and 154 of the Complaint.

154.    Wellpath Defendants deny the allegations contained in Paragraph 154 and its subparagraphs to the extent they are directed at these Defendants.

155.    Wellpath Defendants deny the allegations contained in Paragraph 155 to the extent they are directed at these Defendants.

156.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 156 of the Complaint and, therefore, deny them.

157.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 157 of the Complaint and, therefore, deny them.

158.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 158 of the Complaint and, therefore, deny them.

### Defendant McIntosh's Personal Knowledge and Supervisory Liability

Wellpath Defendants deny the allegations contained in the statement between Paragraph 158 and 159 of the Complaint.

159.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 159 of the Complaint and, therefore, deny them.

160.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 160 of the Complaint and, therefore, deny them.

161.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 161 of the Complaint and, therefore, deny them.

162.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 162 of the Complaint and, therefore, deny them.

163.    Wellpath Defendants deny the allegations contained in Paragraph 163 to the extent they are directed against these Defendants.  To the extent any further response is required Wellpath denies any non-employee acted as its "agent" or that Wellpath is in any way liable for the acts of any non-employee as alleged in the Second Amended Complaint, and further denies that any of its employees deprived Mr. Yoemans his rights under the United State Constitution and further denies Plaintiff has stated a viable claim against Wellpath or is entitled to recovery against it under any theory of liability. Wellpath Defendants lack sufficient information and knowledge as to the truth or falsity of the allegations contained in Paragraph 163 of the Complaint and, therefore, deny them.

164.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 164 of the Complaint and, therefore, deny them.

165.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 165 of the Complaint and, therefore, deny them.

166.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 166 of the Complaint and, therefore, deny them.

167.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 167 of the Complaint and, therefore, deny them.

168.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 168 of the Complaint and, therefore, deny them.

169.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 169 of the Complaint and, therefore, deny them.

170.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 170 of the Complaint and, therefore, deny them.

3775564.1

171.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 171 of the Complaint and, therefore, deny them.

172.    Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 172 of the Complaint and, therefore, deny them.

## V.      STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment Violations**
**(Plaintiff the Estate Against Defendants Marshall, Campbell, Brown, Gilbert,**
**Yniguez, and Fischer)**

173.    Wellpath Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 172 of the Complaint as if fully set forth herein.

174.    Wellpath Defendants make no response to the averments contained in Paragraph 174 of the Complaint, all of which are legal conclusions and not factual allegations which require admission or denial. To the extent any response is deemed necessary, Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    In answer to Paragraph 175 of the Complaint, Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations concerning Mr. Yoemans' citizenship and, therefore, deny them.  The remaining allegations contained in Paragraph 175 of the Complaint merely state legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the remaining allegations contained in Paragraph 175 of the Complaint as those allegations pertain to them.

176.     Wellpath Defendants admit Defendant Marshall was acting within the scope of her official duties and employment with CCS and denies the remaining allegations contained in paragraph 176 of the Complaint.

177.     The allegations contained in Paragraph 177 of the Complaint merely state legal conclusions for which no response is required. To the extent a response is required, Wellpath Defendants deny those allegations.

178.     Wellpath Defendants deny the allegations contained in Paragraph 178 of the Complaint as those allegations pertain to them.

179.     Wellpath Defendants deny the allegations contained in Paragraph 179 of the Complaint as those allegations pertain to them.

180.     Wellpath Defendants deny the allegations contained in Paragraph 180 of the Complaint.  In answer to Footnote 4 of the Complaint, Defendants aver those allegations merely state legal conclusions for which no response is required.  To the extent a response is required to the allegations contained in Footnote 4 of the Complaint, Wellpath Defendants deny those allegations.

181.     Wellpath Defendants deny the allegations contained in Paragraph 181 of the Complaint as those allegations pertain to them.

182.     Wellpath Defendants deny the allegations contained in Paragraph 182 of the Complaint as those allegations pertain to them.

183.     Wellpath Defendants deny the allegations contained in Paragraph 183 of the Complaint as those allegations pertain to them.

184.     Wellpath Defendants deny the allegations contained in Paragraph 184 of the Complaint as those allegations pertain to them.

185.     Wellpath Defendants deny the allegations contained in Paragraph 185 of the Complaint as those allegations pertain to them.

186.     The allegations contained in Paragraph 186 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 186 as those allegations may pertain to them.

187.     Wellpath Defendants deny the allegations contained in Paragraph 187 of the Complaint as those allegations pertain to them.

188.     Wellpath Defendants deny the allegations contained in Paragraph 188 of the Complaint as those allegations pertain to them.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – 14th Amendment – Supervisory Liability**
**(Plaintiff the Estate Against former Sheriff Mike McIntosh in his individual capacity)**

189.     Wellpath Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 188 of the Complaint as if fully set forth herein.

190.     The allegations contained in Paragraph 190 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 190 as those allegations may pertain to them.

191.     The allegations contained in Paragraph 191 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 191 as those allegations may pertain to them.

192.   The allegations contained in Paragraph 192 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 192 as those allegations may pertain to them.

193.   The allegations contained in Paragraph 193 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 193 as those allegations may pertain to them.

194.   The allegations contained in Paragraph 194 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 194 as those allegations may pertain to them.

195.   The allegations contained in Paragraph 195 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 195 as those allegations may pertain to them.

196.   The allegations contained in Paragraph 196 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 196 as those allegations may pertain to them.

197.   The allegations contained in Paragraph 197 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is

required, Wellpath Defendants deny the allegations contained in Paragraph 197 as those allegations may pertain to them.

198.    The allegations contained in Paragraph 198 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 198 as those allegations may pertain to them.

199.    The allegations contained in Paragraph 199 of the Complaint are not directed at Wellpath Defendants and, therefore, require no response from them.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 199 as those allegations may pertain to them.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – 14th Amendment – *Monell* Liability
### (Plaintiff the Estate Against Defendants Wellpath, Sheriff Richard Reigenborn in his official capacity, and the Board of County Commissioners of Adams County)

The allegations contained in Paragraphs 200 – 212 of the Complaint are not directed at Defendant Marshall and, therefore, require no response from her.  To the extent a response is required, Defendant Marshall denies the allegations contained in Paragraph 200 – 212 as those allegations may pertain to her.

200.    Defendant Wellpath hereby incorporates its responses to the allegations contained in Paragraphs 1 through 199 of the Complaint as if fully set forth herein.

201.    In answer to Paragraph 201 of the Complaint, Defendant Wellpath admits Adams County contracted with CCS in 2016 to provide services at the Adams County Detention Facility. Wellpath avers the contract speaks for itself and deny all allegations inconsistent therewith.  Wellpath specifically denies CCS contracted to provide mental health services or to make a determination as to

housing placement for inmates. Defendant Wellpath denies the remaining allegations contained in Paragraph 201 of the Complaint.

202.    Defendant Wellpath makes no response to the averments contained in Paragraph 202 of the Complaint, all of which are legal conclusions and not factual allegations which require admission or denial. To the extent any response is deemed necessary, Wellpath denies the allegations contained in Paragraph 202 of the Complaint, including the allegations contained in Footnote 5 of the Complaint.

203.    The allegations contained in Paragraph 203 of the Complaint are not directed at Defendant Wellpath and, therefore, require no response from it.  To the extent a response is required, Defendant Wellpath denies the allegations contained in Paragraph 203 as those allegations may pertain to them.

204.    The allegations contained in Paragraph 204 of the Complaint are not directed at Defendant Wellpath and, therefore, require no response from it. To the extent a response is required, Defendant Wellpath denies the allegations contained in Paragraph 204 as those allegations may pertain to them.

205.    Defendant Wellpath denies the allegations contained in Paragraph 205 of the Complaint as those allegations may pertain to it.

206.    Defendant Wellpath denies the allegations contained in Paragraph 206 of the Complaint as those allegations may pertain to it.

207.    The allegations contained in Paragraph 207 of the Complaint are not directed at Defendant Wellpath and, therefore, require no response from it.  To the extent a response is required,

Defendant Wellpath denies the allegations contained in Paragraph 207 as those allegations may pertain to it.

208.     Wellpath denies any non-employee acted as its "agent" or that Wellpath is in any way liable for the acts of any non-employee as alleged in the Second Amended Complaint, and further denies that any of its employees deprived Mr. Yoemans his rights under the United State Constitution and further denies Plaintiff has stated a viable claim against Wellpath or is entitled to recovery against it under any theory of liability.  Defendant Wellpath denies the allegations contained in Paragraph 208 of the Complaint as those allegations may pertain to it.

209.     Defendant Wellpath denies the allegations contained in Paragraph 209 of the Complaint as those allegations may pertain to it.

210.     Defendant Wellpath denies the allegations contained in Paragraph 210 of the Complaint as those allegations may pertain to it.

211.     Defendant Wellpath denies the allegations contained in Paragraph 211 of the Complaint as those allegations may pertain to it.

212.     Defendant Wellpath denies the allegations contained in Paragraph 212 of the Complaint as those allegations may pertain to it.

**FOURTH CLAIM FOR RELIEF**
**Wrongful Death**
**(Plaintiff the Estate Against Defendants Wellpath and Janice Marshall)**

213.     Wellpath Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 212 of the Complaint as if fully set forth herein.

214.     Wellpath Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 214 of the Complaint and, therefore, deny them.

215.     In answer to Paragraph 215 of the Complaint, Wellpath Defendants admit Wellpath is a private company and further admit Adams County contracted with CCS in 2016 to provide services at the Adams County Detention Facility.  Wellpath Defendants aver the contract speaks for itself and deny all allegations inconsistent therewith.  Wellpath specifically denies CCS contracted to provide mental health services or to make a determination as to housing placement for inmates. Wellpath Defendants deny the remaining allegations contained in Paragraph 215 of the Complaint.

216.     In answer to Paragraph 216 of the Complaint, Wellpath Defendants admit Ms. Marshall, Ms. Henderson, and Mr. Froncek were employed between January 22 and February 8, 2017 by Wellpath, which was formally known as CCS.  Wellpath Defendants deny all other allegations contained in Paragraph 216 of the Complaint.

217.     Wellpath denies any non-employee acted as its "agent" or that Wellpath is in any way liable for the acts of any non-employee as alleged in the Second Amended Complaint, and further denies that any of its employees deprived Mr. Yoemans his rights under the United State Constitution and further denies Plaintiff has stated a viable claim against Wellpath or is entitled to recovery against it under any theory of liability. Wellpath Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218.     Paragraph 218 of the Complaint merely states legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 218 of the Complaint.

3775564.1

219.     Paragraph 219 of the Complaint merely states legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.     Paragraph 220 of the Complaint merely states legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.     Paragraph 221 of the Complaint merely states legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.     Paragraph 222 of the Complaint merely states legal conclusions for which no response is required.  To the extent a response is required, Wellpath Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223.     Wellpath Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.     Wellpath Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225.     Wellpath Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.     Wellpath Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227.     Wellpath Defendants deny the allegations contained in Paragraph 227 of the Complaint.

3775564.1

228.    Wellpath Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229.    Wellpath Defendants deny the allegations contained in Paragraph 229 of the Complaint.

230.    Wellpath Defendants deny the allegations contained in Paragraph 230 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF AND ITS SUB-PARTS

Wellpath Defendants deny all of the allegations contained after the word "Wherefore" on page 61 of the Complaint, including all discrete lettered sub-paragraphs, and deny Plaintiffs are entitled to any of the relief requested in the Complaint.

## GENERAL DENIAL

Wellpath Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES[1]

1.      All or part of Plaintiffs' claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted against Defendants.

2.      The injuries, damages and losses alleged by Plaintiff were not caused by the Wellpath Defendants.

---

[1] The Wellpath Defendants have amended these Defenses and Affirmative Defenses in accordance with the Court's order during the May 16, 2019 Scheduling Conference. The Wellpath Defendants reserve the right to re-assert or add defenses or affirmative defenses, as stated during that Scheduling Conference.

3775564.1

3.     The injuries and damages, if any, sustained by Plaintiff, in whole or in part, were proximately caused by the decedent, Mr. Yoemans', own acts or omissions which are imputed to Mr. Yoemans' individual claims and to the claims of the Estate of Mr. Yoemans.

4.     The injuries and damages, if any, sustained by Plaintiff, in whole or in part, were proximately caused by the acts or omissions of third parties over whom the Wellpath Defendants had no control or right of control.

5.     Plaintiffs' claims and damages, if any, were caused by a superseding or intervening cause.

6.     Wellpath Defendants, are not liable for any alleged improper actions or omissions by the jail staff at the Adams County Detention Facility.

7.     In the event judgment should be entered against Wellpath Defendants, Wellpath Defendants are entitled to a reduction of the judgment pursuant to C.R.S. §13-21-111.6 to the extent and in the amount of any collateral source payments. Further, Wellpath Defendants, hereby notify Plaintiff of their intent to rely upon C.R.S. §13-64-402 with respect to any subrogated claims by or on behalf of any third-party payor or provider.

8.     Wellpath Defendants are entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, C.R.S. §§ 13-64-101 *et seq.* (as amended) for some or all of Plaintiffs' claims.

9.     The actions of Wellpath Defendants, were taken for legitimate, nondiscriminatory penological purposes.

10.    Some or all of the Plaintiffs' claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

3775564.1

11.     No individual employee of Wellpath may be held liable on the basis of vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

12.     No custom, policy or practice of Wellpath violated any of the Plaintiffs' constitutional rights.

13.     At all times pertinent herein, Wellpath Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff or Mr. Yoemans any harm.

14.     Some or all of the Plaintiffs' claims may be barred or limited by the failure of Plaintiff or Mr. Yoemans to exhaust administrative remedies.

15.     There is no state action by Wellpath Defendants for purposes of 42 U.S.C. §1983. To the extent the Court concludes Wellpath Defendants acted under color of state law with respect to Mr. Yoemans or Plaintiff, Wellpath Defendants may be entitled to constitutional, common law, or statutory immunities with respect to some or all of Plaintiffs' claims against them.

16.     Plaintiffs' claim for punitive or exemplary damages has no basis in law or fact and is barred, reduced, or in the alternative, is unconstitutional and would violate the Wellpath Defendants' rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17.     Wellpath Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

18.     All actions taken by the Wellpath Defendants with respect to Mr. Yoemans were reasonable under the circumstances, taken in the course and scope of the Wellpath Defendant's duties, in the good faith performance of those duties, for legitimate business reasons, for the

purpose of serving Adams County, and in the good faith belief that Wellpath Defendants acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors.

19.     At all relevant times, Wellpath Defendants and their employees lacked the requisite intent to establish any claim against them of willful and wanton conduct, gross negligence, deliberate indifference, or recklessness, and indeed Wellpath Defendants also possessed a reasonable good faith belief in the reasonableness of  all conduct, and Plaintiffs' claims fail to establish any basis to conclude Wellpath Defendants acted willfully and wantonly, with gross negligence, with deliberate indifference, or with recklessness.

20.     Plaintiffs' damages are limited or controlled by applicable statutory provisions of both federal and Colorado law.  This includes, but is not limited to, limitations upon Plaintiffs' noneconomic damages set forth in C.R.S. §§ 13-20-101, 13-21-102.5; in C.R.S. §§ 13-21-201 to 203.7; and in C.R.S. §§13-64-301 to -304.

21.     Mr. Yoemans or Plaintiff may have been comparatively negligent to a degree equaling or exceeding the alleged negligence or liability, if any, of defendants, which comparative negligence therefore bars or reduces Plaintiffs' recovery on behalf of Mr. Yoemans or herself pursuant to C.R.S. §§ 13-21-11, -111.5, and otherwise as provided by law.

22.     Plaintiffs' right of recovery may be limited by any voluntary assumption of a known risk of Mr. Yoemans or Plaintiff pursuant to C.R.S. § 13-21-111.7, including that Mr. Yoemans or Plaintiff expressly and statutorily assumed part or all of the risk of injury or damage.

23.     Wellpath Defendants are not liable for any punitive damages under state or federal law.

24.     Wellpath Defendants reserve the right to designate nonparties at fault.

25.     Plaintiffs' claims, in whole or in part, are governed and limited by the corporate practice of medicine doctrine under Colorado law.

26.     Wellpath Defendants reserve the right to assert, modify, revise, change, withdraw, clarify or list additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of discovery and investigation.

27.     Wellpath Defendants incorporate by reference each and every applicable affirmative defense and defense asserted by motion or answer by any other defendant in this matter.

## JURY DEMAND

Pursuant to Fed. R. Civ. P38(b), Defendants demand a jury trial on all issue so triable.

WHEREFORE, Defendants Wellpath, LLC, f/k/a Correct Care Solutions, LLC and Janice Marshall, by counsel, respectfully request an order of the Court dismissing the Plaintiffs' Complaint and Jury Demand in its entirety with prejudice, granting them attorney's fees and costs as allowed by law and such other and further relief as the Court deems just and proper.

3775564.1

Dated this 4th day of November, 2019.

Respectfully submitted,

s/ *Christina S. Gunn*
Christina S. Gunn, Esq.
Tanya A. Sevy, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:     (303) 628-3300
Facsimile:      (303) 628-3368
Email: gunnc@hallevans.com
            sevyt@hallevans.com

**ATTORNEYS FOR DEFENDANTS
WELLPATH, LLC, F/K/A CORRECT
CARE SOLUTIONS, LLC
("WELLPATH") AND JANICE
MARSHALL ("NURSE MARSHALL")**

51

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I HEREBY CERTIFY that on this 4th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David George Maxted
Jeffrey Pagliuca
Haddon Morgan & Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
720-717-0877
Email: dmaxted@hmflaw.com
*Attorney for Plaintiffs*

Kerri Ann Booth
Heidi M. Miller
Adams County Attorney's Office-Brighton
4430 South Adams County Parkway
Suite C5000B
Brighton, CO 80601-8206
720-523-6881
Fax: 720-523-6114
Email: kbooth@adcogov.org
hmiller@adcogov.org
*Attorney for Defendants Christopher Campbell, Gary Brown, Daniel Gilbert, Ross Yniguez, Joseph Fisher, Michael McIntosh, Richard Reigenborn, Board of County Commissioners of County of Adams, Colorado*

*s/ Nicole Marion, Legal Assistant to*
Christina S. Gunn, Esq.
Hall & Evans, L.L.C.

3775564.1